**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1320
_____

UNITED STATES OF AMERICA

v.

JAMES COLE,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-89-cr-00322-001)
District Judge:  Honorable Mark A. Kearney

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 23, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 24, 2024)
_____

OPINION[*]
_____

PER CURIAM

    James Cole, a federal prisoner proceeding pro se, filed a petition for a writ of error

coram nobis seeking to vacate his 1989 conviction for possessing a firearm as a felon in

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

violation of 18 U.S.C. § 922(g)(1).  He asserted that his conviction was invalid in light of Rehaif v. United States, which held that, in felon-in-possession cases, the Government must prove not only that the defendant knew he possessed a firearm but also that he knew he was a felon when he possessed it.[1]  588 U.S. 225, 237 (2019).  The District Court denied the petition, concluding that Cole had not satisfied the requirements for the extraordinary remedy of a writ of error coram nobis.[2]  Cole appealed.

We have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's legal conclusions de novo and its factual findings for clear error.  Ragbir v. United States, 950 F.3d 54, 60 (3d Cir. 2020).  A petitioner seeking coram nobis relief must establish that he "(1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid convictions; (3) provides sound reasons for failing to seek relief earlier; (4) had no available remedy at the time of trial; and (5) asserted error(s) of a fundamental kind."  Id. at 62.

We will affirm on the ground that Cole failed to establish sound reasons for failing to argue at trial or on direct appeal that knowledge of status was an element of

---

[1] Cole also asserted that his felon-in-possession conviction was invalid in light of New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022), and Range v. Attorney General, 69 F.4th 96 (3d Cir. 2023) (en banc), vacated and remanded sub nom. Garland v. Range, No. 23-374, 2024 WL 3259661 (U.S. July 2, 2024), but he has abandoned that argument on appeal.  See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

[2] The District Court initially denied Cole's petition on the ground that he could not obtain coram nobis relief because he was still "in custody" for the 1989 § 922(g)(1) conviction.  Upon review, we determined that this was error.  We thus vacated the District Court's order and remanded the matter for the District Court to consider in the first instance whether Cole could satisfy the remaining requirements for coram nobis relief.  United States v. Cole, No. 22-1518, 2023 WL 7486745 (3d Cir. Nov. 13, 2023).

§ 922(g)(1). Although he contends that this was not the established law until <u>Rehaif</u>, we have previously rejected this futility argument. <u>See</u> <u>United States v. De Castro</u>, 49 F.4th 836, 845–46 (3d Cir. 2022) (alterations and citation omitted) (holding that petitioner seeking coram nobis relief had no sound reason for failing to raise knowledge-of-immigration-status challenge at trial despite "near-unanimous body of lower court authority" at the time that knowledge-of-one's-status was not an element of a § 922(g) offense).

Because we agree with the District Court that Cole did not satisfy the third <u>Ragbir</u> requirement, we need not address his arguments with respect to the remaining requirements. Accordingly, we will affirm the District Court's order denying the petition for a writ of error coram nobis.